# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROY GORDON ROBBINS, ) | |
| ) | |
| Movant, ) | |
| vs. ) | 1:10-cv-1072-LJM-DML |
| ) | |
| UNITED STATES OF AMERICA. ) | |

## Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of Roy Gordon Robbins for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue**.**

### I. The Motion for Relief Pursuant to 28 U.S.C. § 2255

"A post-judgment motion [in a criminal action in federal court] needs a source of authority for the judge to act. . . ." *United States v. Scott,* 414 F.3d 815, 816 (7th Cir. 2005). The clerk reasonably processed Roy Gordon Robbins' motion for reduction of sentence as a motion for relief pursuant to 28 U.S.C. § 2255. The relief available under this statute, however, is narrow: A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991).

Roy Gordon Robbins seeks a modification of his sentence to permit his release earlier than would otherwise be the case, and he supports this request by identifying circumstances which in his view justify that action. In doing so, however, he does not challenge the validity of his conviction or sentence or assert any other ground for relief

within the scope of § 2255. Neither does his motion for reduction of sentence supply any other basis for the relief which is sought, because it does not identify or invoke a source of authority for the relief which is sought and "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir. 1997); *see also United States v. Krilich,* 257 F.3d 689, 693 (7th Cir. 2001).

On the basis of the foregoing, therefore, Roy Gordon Robbins' motion for reduction of sentence, treated as a motion for relief pursuant to 28 U.S.C. § 2255, is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Roy Gordon Robbins has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/07/2011

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana